No. 33,165

The Lawrence Business College, *Appellee*, v. A. M. Gardner, as County Treasurer of Douglas County; Earl Black, James F. Brass and Chris Schaake, as County Commissioners, and U. S. G. Plank, as County Clerk, etc., *Appellants.*

(64 P. 2d 63)

Opinion filed January 23, 1937.

*Richard B. Stevens,* county attorney, for the appellants.

*Forrest A. Jackson,* of Lawrence, and *John M. Kinkel,* of Topeka, for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action to recover taxes paid under protest. Judgment was for the plaintiff. Defendants appeal.

The plaintiff is a business college. It was organized in 1869 and acquired by W. H. Quakenbush and E. S. Weatherby in 1905 and operated by them as a partnership until 1907, when it was incorporated. At the time of the incorporation Quakenbush and Weatherby donated their partnership interest to the corporation, which paid them nothing for their interest. Ever since the incorporation Quakenbush has been president of the corporation and Weatherby has been secretary. They both have done some administrative work and taught in the school and each has received a salary at all times.

The property of plaintiff was not on the tax rolls in 1907 but was placed there in 1917. At that time the taxes were paid under protest and later refunded by the board of county commissioners. The property was again placed on the tax rolls in 1924 and has been there ever since that time.

This action was taken as a result of the judgment of this court in *Lawrence Business College v. Douglas County,* 117 Kan. 436, 231 Pac. 1039.

At the time the above case was decided Quakenbush and Weatherby were receiving salaries of approximately $350 and $300 a month, respectively.

The charter at that time provided that if at any time there was a balance of any more than 25 percent of the receipts for the year it was to be used to establish or increase a "permanent student loan fund" which would be administered by the board of directors. No such balance ever existed. At the time the former case was decided the business college contended that its property was used exclusively for educational purposes and hence was exempt from taxation. This court decided that the school was an educational institution within the meaning of that provision but that the constitution did not exempt institutions from taxation which were conducted for profit, and that the burden was on the school to establish that it was not conducted for profit. It had not sustained this burden, hence was not exempt.

We shall examine the record in this case with the idea of ascertaining what changes have been made in the manner in which the school is conducted since the judgment of this court in *Lawrence Business College v. Douglas County,* supra.

On February 28, 1935, the charter of the school was amended providing that any net surplus accruing to the corporation at the close of any fiscal year should be devoted to charitable, educational purposes. In this amendment the corporation was required to file annually a complete financial report with the Douglas county commissioners. About six months later the charter was amended providing that any net surplus should be donated to the Wesley Foundation at the University of Kansas. This is a charitable loan fund used to aid students attending the university. This amendment also required the filing of an annual financial statement with the judge of the district court of Douglas county.

On March 7, 1936, the plaintiff obtained an order from the district court of Douglas county approving its annual audit and accounting covering the period from January 1, 1935, to December 31, 1935, and finding that the salaries for teachers and expenditures made were reasonable. The audit showed no net surplus, and hence no money was turned over to the Wesley Foundation. The salary

of Quakenbush, as president, was fixed by the trustees at $200 per month and that of Weatherby, as secretary and superintendent, at $200 per month. There was one teacher whose salary was fixed at $100 a month and the other at $50 per month for the year 1935.

The plaintiff owns three contiguous lots in Lawrence on which there is one building. No part of this building is rented for any purpose and it was used in 1935 for classrooms and administrative offices. The school is operated by a board of trustees.

In 1935 there were seven members of this board. This included Quakenbush and Weatherby, Olive N. Jackson, a daughter of Weatherby, Katheryn R. Weatherby, the wife of Weatherby, and Helen M. Quakenbush, the wife of the president of the corporation.

This action was tried before the court. The evidence consisted partly of a stipulation as to the facts and of various exhibits about which there is no dispute and of testimony of Weatherby and Quakenbush about which there is little dispute. There was also testimony of various witnesses that the salaries paid the teachers by the plaintiff were reasonable. The court made findings of fact, which are, in part, as follows:

"The court further finds that all of the salaries of teachers and employees of said the Lawrence Business College, a corporation, as fixed and allowed by the trustees of said the Lawrence Business College, a corporation, are necessary and reasonable in amount.

"The court further finds that the Lawrence Business College, a corporation, has strictly complied with its charter and bylaws and that annual reports of its financial administration, including all receipts and disbursements, have been filed with and approved by the district court of Douglas county, Kansas, as required by its charter and bylaws.

. . . . . . . . . . .

"The court finds that the Lawrence Business College, a corporation, is exclusively an educational institution and is not now and was not used or operated for pecuniary profit during the year of 1935 and years prior thereto, and is and was therefore exempt from taxation, and that plaintiff should recover from the defendants all of said personal property and real-estate tax paid under said written protest in the sum of $199.56."

Based upon these findings and certain admitted facts, the court enjoined the defendants from collecting taxes upon the property of plaintiff and gave judgment for the taxes that had been paid under protest. It will be seen that the judgment of the court is based upon the fact that the salaries paid the teachers by plaintiff are reasonable, and that all the profits are turned over to the Wesleyan fund, hence the corporation was not operated for profit. Once the court

had reached this conclusion the reason upon which the judgment of this court in *Lawrence Business College v. Douglas County,* supra, was based no longer existed.

The question is whether this school is operated for profit.

The statement of the duties of W. H. Quakenbush, president of the corporation, contained in the agreed stipulation of facts, is helpful in this connection. The statement is as follows:

"His chief work is the securing of new students. He makes personal contacts, personal calls, has charge of all correspondence with the prospective students, prepares and distributes all advertising matter, enrolls new students, makes collections of tuitions, secures places for students to work for board and room, personally counsels with every student as to the course he or she is to take, assists graduates to secure positions and personally oversees the school property, both real and personal, and in a very particular way is on the alert all of the time for anything to promote the welfare of the school. He has instructional work one period each day throughout the year instructing in penmanship, with the class averaging from forty-five to seventy-five students in enrollment. He also has instructional work three periods each week in salesmanship, for a six-to-nine-month period, with a class averaging from thirty to thirty-five students in enrollment, and also teaches office practice to advance students. His entire time, six days in the week, twelve months in the year, is devoted to the work of the school. That the salary of the said W. H. Quakenbush is the sum of $200 per month."

The stipulation as to the duties of Weatherby is as follows:

"That E. S. Weatherby supervises the instructional work of the entire school, plans the courses for the various teachers, assigns classes and teaching periods to the teachers, assigns pupils to the classes for recitation periods and has general supervisory responsibilities of the entire school from opening time, 8 o'clock a. m., to closing time, 4:30 p. m., including the noon hour. He is in charge of all school assemblies, planning programs for same and regularly gives lectures on business ethics. As a teacher he instructs in bookkeeping and accounting five periods each day, with classes varying from twenty-five to fifty-five students in enrollment; he teaches business arithmetic one period of twenty-five minutes each day, with the class varying from forty-five to eighty students in enrollment; also he teaches spelling and vocabulary drills one period of twenty-five minutes four days each week, with the class varying from forty-five to eighty students in enrollment. He teaches a class in business-letter-writing for ten weeks each semester, with an average class enrollment of thirty-five students. For six months each year, from October to April, he teaches accounting in the night school for two hours, two nights each week. Furthermore, it is his duty as treasurer of the Lawrence Business College to keep an accurate and complete accounting of receipts and expenditures and make an annual accounting thereof to the district court of Douglas county, Kansas, as required by the charter. That E. S. Weatherby receives as his salary the sum of $200 per month."

In this stipulation is was further agreed that the Lawrence Business College was an educational institution during the year 1935 and the years prior thereto and at the time this case was heard.

Since the finding of the court is based upon exhibits and an agreed statement of facts, about which there is no dispute, we are not bound by the findings of the trial court as to the facts. We shall therefore consider whether or not the finding of the court that this school was not used or operated for pecuniary profit during the year 1935 and years prior thereto is sustained by the evidence.

It does not appear from this record just how the Lawrence Business College came to be organized in 1869. The parties who control it at the present time acquired it in 1905. It is obvious that since that time the school has been conducted for the primary purpose of providing jobs for Weatherby and Quakenbush. An examination of the stipulation with reference to the duties of Quakenbush makes it plain that his work consists in the main in the securing of new students. The school could not operate without students, and it cannot be said that while Quakenbush was receiving $200 a month for doing this work that he was not profiting from the existence of the school. The same is true in a less marked degree of Weatherby. We are not interested in whether the salaries received by the officers of this corporation are reasonable. We have taken a broad view of the history of the school from the beginning up to the present time, including its method of operation through the years and at the present time. It matters not whether the profits made are taken out in dividends or in salaries to the owners. The fact remains that the primary purpose of the school is not to instruct the youth of the land but to furnish a means of livelihood for the owners of the corporation.

What was said by Justice Mason in the case of *Lawrence Business College v. Douglas County*, applies with equal force in this case. "The plaintiff has failed to sustain the burden resting upon it to establish that it was not run for profit." See *Carteret Academy v. Orange*, 98 N. J. L. 868, 120 Atl. 736.

The judgment of the trial court is reversed with instructions to render judgment for defendants.

THIELE, J., not participating.